# EXHIBIT A

1    PACIFIC TRIAL ATTORNEYS
     A Professional Corporation
2    Scott J. Ferrell, Bar No. 202091
     sferrell@pacifictrialattorneys.com
3    4100 Newport Place Drive, Ste. 800
     Newport Beach, CA  92660
4    Tel: (949) 706-6464
     Fax: (949) 706-6469
5
     Attorneys for Plaintiff
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN BERNARDINO**

10

11   LORI DUNLAP, an individual,          Case No.    CIVDS1800507

12          Plaintiff,

13          v.                             **COMPLAINT**

14   VICTORIA'S SECRET STORES BRAND
     MANAGEMENT, INC., a Delaware corporation;
15   and DOES 1-10, inclusive,

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 20 2018

BY _____ Sara Pugh
        SARA PUGH, DEPUTY

Plaintiff Lori Dunlap ("Plaintiff") alleges the following upon information and belief based upon investigation of counsel, except as to her own acts, which she alleges upon personal knowledge:

## I.   **INTRODUCTION**

1.      Plaintiff is completely blind, but wants very much to contribute to society.  She would like to apply for a position with Defendant Victoria's Secret Stores Brand Management, Inc. but was unable to do so because, as detailed herein, Defendant's online job application system is inaccessible to blind individuals.

2.      Plaintiff's experience is not unique.  The blind, or visually-impaired, face daunting challenges in all aspects of their lives, and obtaining and retaining employment is one of the greatest difficulties they face.  Indeed: "People with vision loss experience a rate of unemployment that far exceeds that of the general population. The American Federation of the Blind reports that in September 2010, the most recent period for which there is data, 75 percent of the estimated 4 million adults in the U.S. who are completely or partially blind are not in the labor force." (http://work.chron.com/high-rate-unemployment-blind-14312.html.)

3.      Many of the difficulties faced by the blind in finding employment have their genesis with misconceptions and resistance on the part of potential employers.  Specifically: "'Among hiring managers, most respondents (54 percent) felt there were few jobs at their company that blind employees could perform, and 45 percent said accommodating such workers would require `considerable expense.'"  The reality is that a blind person can do any job that involves a computer, and there are a slew of adaptive tech toys that make most jobs accessible, such as a portable scanner to read printed material. As for the purported expense, according to the American Foundation for the Blind, most accommodations cost less than $1,000, a negligible amount for a serious business." (Belo Cipriani, Hiring Blind: The Misconceptions Facing America's Visually Impaired Workforce, Braille Monitor, July 2013, https://nfb.org/images/nfb/publications/bm/bm13/bm1307/bm130711.htm.)

4.      In sum, many visually-impaired citizens are clearly employable and are willing and able to make contributions to society, but many employers continue to throw up obstacles to prevent the blind from seeking, and then finding, meaningful employment.  As detailed herein, Plaintiff is one of those visually impaired people who want to enter the workforce but have not been able to.  Plaintiff

1    has encountered a variety of roadblocks in her efforts to find employment, including her effort to apply

2    for a job with Defendant.

3         5.    Despite Plaintiff's efforts, Defendant's job application system remains inaccessible to

4    blind individuals.  Unfortunately, multiple requests from Plaintiff for Defendant to make its job

5    application process accessible to blind individuals have been ignored.

6         6.    Defendant's failure to enter an interactive process with Plaintiff violates California law.

7    Specifically, under California's Fair Employment and Housing Act ("FEHA"), employers are

8    obligated to "initiate an 'interactive process' when a disabled prospective employee requests

9    reasonable  accommodations.   (https://www.dfeh.ca.gov/reasonable-accommodation/.)   And  that

10   process must be initiated "timely."  (*See* 2 Cal. Code of Regs. § 11069.)  Failure to engage in this

11   process is unlawful in itself.  (Cal. Government Code § 12940(n); *Claudio v. Regents of the University*

12   *of California* (2005) 134 Cal.App.4th 224, 243.)

13        7.    Here, Defendant has refused to enter the requisite interactive process by making its

14   online hiring service accessible to Plaintiff, and has ignored Plaintiff's three written requests to do so.

15   Under these circumstances, Plaintiff has no choice but to bring this lawsuit.

16                          **II.    JURISDICTION AND VENUE**

17        8.    This Court has subject matter jurisdiction over this action.  This Court has personal

18   jurisdiction over Defendant because it conducted and continues to conduct substantial business in the

19   State of California.

20        9.    Venue is proper in this Court because Defendant conducts substantial business in this

21   County, and because a substantial portion of the wrongdoing alleged herein occurred in this County.

22                          **III.    PARTIES**

23        10.   Plaintiff, an adult resident of California, is permanently and totally blind.  As such,

24   Plaintiff uses a "screen reader" when operating a computer.  A "screen reader" is a software program

25   that allows blind users to read the text that is displayed on the computer screen with a speech

26   synthesizer and operates as the interface between the computer's operating system, its applications,

27   and it speaks automatically when changes occur on the computer screen.

28   / / /

11.     Defendant Victoria's Secret Stores Brand Management, Inc. is a Delaware corporation with its principal place of business located in Ohio.  Defendant owns, operates, and/or controls the website at www.victoriassecret.com ("The Website.").

12.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## IV.     FACTS

### A.     Background of the Online Job Postings.

13.     The Internet has become a significant source of information, a portal and tool for conducting business, recruiting prospective employees, advertising job openings, and providing an efficient and cost-effective method for applicants to submit job applications for both the sighted and blind, and/or visually-impaired persons.  According to data gathered and analyzed by the Statistic Brain Research Institute (www.statisticbrain.org), over 4,000,000 job positions are posted online each month and over 18,000,000 Americans are hired via online job postings every year.  In fact, 35.5% of all jobs are filled via postings on the internet.

### B.     The Importance of Access to Online Job Postings for the Visually Impaired.

14.     As noted above, "75 percent of the estimated 4 million adults in the U.S. who are completely or partially blind are not in the labor force" (http://work.chron.com/high-rate-unemployment-blind-14312.html).  Because the employment application process has largely migrated online in recent years, it has become extremely important to ensure that individuals with disabilities who want to enter the workforce, including the visually impaired, be able to apply online for positions.

15.     Indeed, the United States Department of Justice ("DOJ") has publicly posted a written statement entitled "Ensuring Access to Jobs for People with Disabilities", which states in relevant part:

*"Americans with disabilities can face many unnecessary barriers to employment, both during the job application process and on the job. These barriers can prevent people with disabilities from finding and maintaining a job, receiving promotions and ultimately being economically self-sufficient and independent.*

*During the job application process, applicants with disabilities may not want to disclose their disabilities to potential employers for a number of reasons, including the risk that the employer would refuse to hire them because of their disability. Sometimes employers stereotype people with disabilities or take adverse employment actions because of misinformation or ignorance about certain health conditions. Having to disclose a disability can deter people with disabilities even from applying for jobs out of fear of discrimination.*

*Recognizing these real risks, Title I of the Americans with Disabilities Act (ADA) makes it unlawful for an employer to ask about whether an applicant has with a disability or about the nature of such disability before making a conditional offer of employment. . . .*

*Today, many job applications are completed online. Another barrier to employment faced by some people with disabilities, such as those who are blind or have low vision, are deaf or hard of hearing, or have physical disabilities affecting manual dexterity (such as limited ability to use a mouse), is that online job applications are not fully accessible to them. Individuals with these disabilities use assistive technology, such as screen reading software and captions, to access online information. But websites need to be designed to work with these technologies. Without the ability to access a job application, people with disabilities will not even have the opportunity to apply for a job in the first place. Several investigations conducted by the department found that the public entity's online employment opportunities website or job applications were not fully accessible to people with disabilities. **To resolve these violations, the entities must ensure that their online employment opportunities website and job applications comply with the Web Content Accessibility Guidelines 2.0, which are industry guidelines for making web content accessible**.*

*Ensuring that job applications are free from unlawful questions and accessible to all applicants is essential to enable people with disabilities to find work and advance in their jobs. With equal access to employment, hardworking Americans with disabilities can contribute as valued members of the workforce, and both justice and economic advancement are served."* (https://www.justice.gov/archives/opa/blog/ensuring-access-jobs-people-disabilities (last visited April 9, 2018).)

16.     Screen access software provides the only method by which Plaintiff can independently access the internet.  Thus, unless websites are designed to be read by screen reading software, Plaintiff and other blind persons are unable to fully access websites and the information and services contained thereon.

17.     As noted in the DOJ statement, the international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible.  These guidelines recommend several basic components for making websites accessible including, but not limited to:  adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are

1  accessible; and adding headings so that blind people can easily navigate websites. Without these very

2  basic components, a website will be inaccessible to a blind or visually-impaired person using a screen

3  reader.

4  **C.**   **The Inaccessibility of Defendant's Website to the Visually Impaired.**

5  18.   Defendant is an American fashion retailer with stores throughout the United States.  Its

6  flagship brands include Victoria's Secret and Bath & Body Works.  Its revenues exceed $10 billion per

7  year.

8  19.   Defendant's website encourages jobseekers to apply, stating "Our associates are the key

9  to delivering this amazing experience for our customer and we hire the very best who are passionate

10  about our brand and our products.  See *https://www.victoriassecret.com/careers*.  In this regard,

11  Defendant uses The Website to recruit potential employees, advertise about specific employment

12  opportunities, and enable applicants to apply for employment online.

13  20.   Plaintiff is qualified for one the many categories of employment advertised on The

14  Website and wanted to explore The Website and apply for a position, or even multiple positions, as

15  appropriate.  Unfortunately, when she attempted to access The Website with her screen reader, she

16  encountered numerous barriers that prevented her from reviewing positions available, and then

17  applying for those positions.

18  21.   The Website includes multiple barriers that prevented Plaintiff from learning about and

19  applying for a job, including: (1) missing form labels, which prevents the purpose of a label from

20  being presented to blind individuals; (2) empty buttons with no value text, which prevents the purpose

21  of the button from being presented; (3) empty links, which prevents the function of the link from being

22  presented; (4) skipped headings, which cause a page to be presented as unstructured and confusing;

23  and (5) orphaned form labels, which prevents the functionality of the label from being displayed.

24  22.   These errors on The Website, and others like them, operated as a barrier to Plaintiff's

25  attempt to navigate The Website, learn the details of available positions, and submit an employment

26  application to the Defendant.  If the website were accessible, Plaintiff would have privately and

27  independently investigated Defendant's work opportunities and relevant information about Defendant

28  just as sighted individuals can and do.

**D.      Plaintiff's Efforts to Engage Defendant in an Interactive Process.**

23.      In March of 2018, Plaintiff made her first request for a reasonable accommodation to enable her to submit a job application to Defendant.  Specifically, her counsel wrote:

> *This law firm represents a blind Californian named Lori Dunlap who wants to re-enter the workforce and is willing to relocate.  Our client attempted to submit a job application to you https://www.victoriassecret.com/careers but was unable to do so – despite making best efforts – because your website is largely inaccessible to blind individuals (confirmed by the Web Accessibility Evaluation, or "WAVE" Tool). . . .*

> *We urge you to promptly remediate these barriers. . .*

24.      Defendant did not respond to Plaintiff's first request for accommodation.

25.      On April 2, 2018, Plaintiff made her second request for reasonable accommodation.  Specifically, her counsel wrote:

> *Last week I wrote to you on behalf of my client, Lori Dunlap.  She wants to re-enter the workforce and tried to apply for an open service position with you through your corporate website, but was unable to do so because she is blind and because your website contains barriers to blind people.  I requested that you accommodate her by removing the barriers on your website and offered to provide you with a summary of the barriers.*

> *I did not hear back from you, and my client still can't navigate your website to submit an application for a position for which he is qualified.  It is simple and inexpensive to make your website accessible to blind job applications – in fact, the National Foundation for the Blind's website has a "tool kit" that shows how: http://www.afb.org/info/accessibility/afb-accessibility-resources/23.*

> *My client is a hard worker who would be an asset to your company.  Thus, I am again requesting that you promptly remove those barriers for her so that she can submit an application like everyone else.*

> *Thank you for your consideration, and please contact me if you have any questions or need additional information.*

26.      For a second time, Defendant did not respond to Plaintiff's second request for reasonable accommodation.

27.      A few days later, Plaintiff made her third and final impassioned plea for Defendant to enable her to apply for a job or, at the very least, engage in the interactive process with her:

> *A few days ago, I requested your help in enabling a blind woman named Lori Dunlap to apply for an open entry-level position with you.  The position is one of many being advertised on your website and is one for which she is well-qualified.  I did not get a response, so I am following up.*

> *The United States Department of Justice has stated that "Work is a fundamental part of adult life for people with and without disabilities.  It provides a sense of purpose, shaping who we are and how we fit into our community.  Meaningful work – being a contributing*

*part of society – is essential to people's economic self-sufficiency, as well as self-esteem and well-being." Unfortunately, It is estimated that only 34 percent of working age American citizens with disabilities like my client are employed – compared to 75 percent of their non-disabled peers. You can help change that!*

*My client is permanently and totally blind; as such, she uses a "screen reader" when operating a computer. A "screen reader" is a software program that allows blind users to read the text that is displayed on the computer screen with a speech synthesizer and operates as the interface between the computer's operating system, its applications, and it speaks automatically when changes occur on the computer screen.*

*Most companies' websites are configured in a way to enable blind people using screen readers to navigate the site. Yours is not; as a result, she cannot navigate your website to learn more about open positions or apply for the position online, like your website recommends.*

*I can give you a summary of the problems. I will even give you a referral to an expert who can help you remove the barriers in just a few hours' time. I don't know why you have not responded. If you need any more information about her disability, her request for accommodation, or documentation of her disability, just let me know.*
*Please do the right thing and immediately remove the barriers and/or contact me to initiate the interactive process.*

28.   For the third time, Defendant ignored Plaintiff.

29.   Plaintiff thus has ignored Defendant's three clear, written requests for accommodation and to engage in the interactive process. As such, Defendant has denied Plaintiff's request for accommodation without investigating it and without engaging in the interactive process.

30.   Plaintiff understood Defendant's message loud and clear: she and other blind applicants are not welcome to apply for a job with Defendant. As such, Plaintiff has moved on in her job search.

31.   Based on information and belief, as well as Plaintiff's personal experience as described above, it is Defendant's policy and practice to deny blind individuals, including Plaintiff, equal access to employment by refusing to remove communication barriers to blind individuals that are contained on The Website. As such, Plaintiff has been and is being denied equal access to the information concerning specific work opportunities offered to non-disabled individuals and is being prevented from submitting an application for employment to Defendant.

32.   Plaintiff filed an administrative charge of discrimination with the appropriate state agency in California, the Department of Fair Employment and Housing, within the statutorily prescribed time limit, and on April 19, 2018, received an immediate-right-to-sue notice. Thus, Plaintiff has exhausted all applicable administrative remedies.

33.     Notwithstanding anything to the contrary herein, Plaintiff does not allege any claims arising under any federal law or regulation or under the Constitution of the United States.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12940(m)

#### (By Plaintiff Against All Defendants)

34.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

35.     "It is an unlawful employment practice" "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical . . . disability of an applicant . . . . (Cal. Gov't Code § 12940(m)(1).)

36.     Employers who engage in recruiting activities must consider individuals on an "equal basis" for all jobs.  (2 Cal. Code of Regs. § 11070(a)(1).)

37.     "It is unlawful to advertise or publicize an employment benefit in any way that discourages or is designed to discourage applicants with disabilities from applying to a greater extent than individuals without disabilities."  (2 Cal. Code of Regs. § 11070(a)(2).)

38.     "An employer or other covered entity must consider and accept applications from applicants with or without disabilities equally."  (2 Cal. Code of Regs. § 11070(b)(1).)

39.     The FEHA requires liberal construction of its provisions to accomplish its purposes. (Cal. Gov't Code § 12993(a); *see also Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 819.)

40.     After amending the FEHA in 1992, the California Legislature made clear that its provisions must be construed to provide disabled persons with the greatest protection available under either state or federal law. Specifically, the Legislature declared its intent "to strengthen California law in areas where it is weaker than the [Disabilities Act] and to retain California law when it provides more protection for individuals with disabilities than the [Disabilities Act]." (Stats. 1992, ch. 913, § 1, p. 4282; *see also Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1026.)  In 2000, the Legislature also declared:  "Although the federal act provided a floor of protection, this state's law

has always, even prior to passage of the federal act, afforded additional protections." (Cal. Gov't Code § 12926.1(a).)

41.     Defendant has violated FEHA by failing to make reasonable accommodation for Plaintiff's known and obvious physical disability, her blindness.  Likewise, Defendant has failed to make any attempt to show that the requested accommodation would impose an undue hardship on Defendant.  As set forth herein, Defendant has, for all intents and purposes, deliberately refused to engage in any effort to accommodate Plaintiff.

42.     Defendant has engaged in recruiting activities and encourages applicants to submit job applications via its website, but has failed to consider Plaintiff on an "equal basis" for all jobs, unlike individuals who are not visually impaired.

43.     Defendant has advertised its employment opportunities in a way that discourages and/or is designed to discourage applicants with disabilities, especially blind applicants, from applying to a greater extent than individuals without disabilities.  Specifically, as detailed above, Plaintiff attempted, unsuccessfully, to access The Website to explore possible employment with Plaintiff, and Defendant has refused, and continues to fail and refuse, to make any effort to accommodate Plaintiff's disability.

44.     In so doing, Defendant has failed to consider and accept applications from blind applicants equally with applicants without disabilities.

**SECOND CAUSE OF ACTION**

**FAILURE TO ENGAGE TIMELY IN INTERACTIVE PROCESS (Cal. Gov't Code § 12940(n))**

**(By Plaintiff Against All Defendants)**

45.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

46.     At all times herein mentioned, the FEHA, embodied in Government Code section 12940 was in full force and effect. This act requires that employers engage both employees and job applicants known to have physical disabilities in a good faith, ***timely,*** interactive process.

47.     The interactive process is described by Title 2 California Code of Regulations, Section 11069, which provides, in relevant part, as follows: "Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the

FEHA requires a *timely,* good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the applicant, employee or the individual's representative shall exchange essential information identified below *without delay or obstruction of the process*.  (2 Cal. Code of Regs. § 11069(a); emphasis added.)

48.     According to the online Collins dictionary, "If you describe an event as **timely**, it happens exactly at the moment when it is most useful, effective, or relevant." (https://www.collinsdictionary.com/us/dictionary/english/timely; emphasis in original.)  The online Merriam-Webster dictionary defines "timely" as "coming early or at the right time." (https://www.merriam-webster.com/dictionary/timely.)

49.     Here, nothing about Defendant's conduct has been timely.  Plaintiff sent multiple requests over a several week period to seek accommodation for her blindness, all of which Defendant ignored.  Indeed, Defendant even ignored an impassioned plea to simply engage in the interactive process with Plaintiff.

50.     Defendant is a qualified employer subject to the requirements of FEHA.

51.     Defendant was aware that Plaintiff suffered from a disability. However, Defendant ignored multiple requests for accommodation and refused to engage Plaintiff in the interactive process in connection with her disability.  Nothing Defendant did could be characterized as "timely."

52.     As a result of Defendant's failure to engage timely with Plaintiff in the interactive process, Plaintiff was discriminated against based on her physical disability and was never provided with a reasonable accommodation.

53.     Based on Defendant's course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial.

### IV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     General and compensatory damages in a sum according to proof at time of trial;

2.     Consequential and incidental damages in a sum according to proof at time of trial;

- 10 -
COMPLAINT

1          3.      Payment of Plaintiffs reasonable and actual attorney fees in a sum according to proof at

2   time of trial;

3          4.      For costs of suit herein incurred;

4          5.      Injunctive relief;

5          6.      Pre-judgment interest at the legal prevailing rate;

6          7.      Punitive and exemplary damages in a sum according to proof at time of trial; and

7          8.      For such other and further relief as the Court deems just and proper.

8

9   Dated:  April 19, 2018                    PACIFIC TRIAL ATTORNEYS, APC

10

11                                           By:_____

12                                           Scott. J. Ferrell
                                             Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated:  April 19, 2018           PACIFIC TRIAL ATTORNEYS, APC

By: _____

Scott. J. Ferrell
Attorneys for Plaintiff

# CIV-180420-CIV-DS1809507-CCCS-122306



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS1809507
Case Type:     CIV
Action Code:   CCCS
Action Date:   04/20/18
Action Time:   12:23
Action Seq:    0006
Printed by:    SPUGH

<div style="border:1px solid black">

THIS COVERSHEET IS FOR COURT
PURPOSES ONLY, AND THIS IS NOT
A PART OF THE OFFICIAL RECORD.
YOU WILL NOT BE CHARGED FOR
THIS PAGE

</div>

## Civil Case Cover Sheet filed.



NEW FILE

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar No. 202091)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660 | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |



TELEPHONE NO.: (949) 706-6464          FAX NO.:

APR 2 0 2018

ATTORNEY FOR (Name): Plaintiff  Lori Dunlap

BY _Sara Pugh_

SARA PUGH, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

STREET ADDRESS: 247 West Third Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Bernardino 92415-0210

BRANCH NAME: San Bernardino District – Civil Division

CASE NAME:
Dunlap v. Victoria's Secret Stores Brand Management, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIVDS1809507 |
| | | | JUDGE: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): TWO (2)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 19, 2018

Scott J. Ferrell                                                    _[signature]_
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

# CIV-180420-CIV-DS1809507-SIF-122304



## Scanned Document Coversheet

System Code: CIV

Case Number: DS1809507

Case Type: CIV

Action Code: SIF

Action Date: 04/20/18

Action Time: 12:23

Action Seq: 0004

Printed by: SPUGH

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Summons Issued and filed



NEW FILE

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., a
Delaware corporation; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LORI DUNLAP, an individual,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> **F I L E D**
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF SAN BERNARDINO
> SAN BERNARDINO DISTRICT
>
> APR 2 0 2018
>
> BY _Sara Pugh_
> SARA PUGH, DEPUTY

**FAXED**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>San Bernardino District – Civil Division<br>247 West Third Street, San Bernardino, CA 92415-0210 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVDS1807507 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell,  Bar No. 202091
PACIFIC TRIAL ATTORNEYS, APC                                      Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| DATE:<br>*(Fecha)* **APR 2 0 2018** | Clerk, by<br>*(Secretario)* _Sara Pugh_<br>**Sara Pugh** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

              ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

# CIV-180420-CIV-DS1809507-NI-122402



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS1809507
Case Type:     CIV
Action Code:   NI
Action Date:   04/20/18
Action Time:   12:24
Action Seq:    0002
Printed by:    SPUGH

> THIS COVERSHEET IS FOR COURT
> PURPOSES ONLY, AND THIS IS NOT
> A PART OF THE OFFICIAL RECORD.
> YOU WILL NOT BE CHARGED FOR
> THIS PAGE

## Notice Imaged



NEW FILE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                              CASE NO: CIVDS1809507

                    NOTICE OF TRIAL SETTING CONFERENCE


IN RE: DUNLAP -V- VICTORIA'S SECRET

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S24
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

     HEARING DATE: 10/22/18 at  8:30 in Dept. S24


DATE: 04/20/18  Nancy Eberhardt, Court Executive Officer
                                    By: SARA PUGH
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
(√) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 04/20/18
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 04/20/18 at San Bernardino, CA

                              BY: SARA PUGH



civ-ntsc-20130417

Notice 'NTSC' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS1809507 on  4/20/18:


PACIFIC TRIAL ATTORNEYS
4100 NEWPORT PLACE DRIVE
SUITE 800
NEWPORT BEACH, CA 92660

# CIV-180605-CIV-DS1809507-PSSC-100402



## Scanned Document Coversheet

System Code:  CIV
Case Number:  DS1809507
Case Type:  CIV
Action Code:  PSSC
Action Date:  06/05/18
Action Time:  10:04
Action Seq:  0002
Printed by:  BMATS

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

**Proof of Service of Summons and Comp/Pet on VICTORIA'S SECRET STORES BRAND MANAGEMENT, ; Defendant/Respondent served on 05/23/18 with costs of $63.00 filed.**



NEW FILE

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| SCOTT J. FERRELL (SBN 202091)<br>PACIFIC TRIAL ATTORNEYS<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional):* (949) 706-6469<br>E-MAIL ADDRESS *(Optional):* sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name):* PLAINTIFF | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 0 5 2018<br><br>BY _____<br>BRENDA MATSUMURA, DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO |
|---|
| STREET ADDRESS: 247 WEST THIRD STREET |
| MAILING ADDRESS: SAME AS ABOVE |
| CITY AND ZIP CODE: SAM BERNARDINO, CA 92415-0210 |
| BRANCH NAME: CENTRAL DIVISION |

| PLAINTIFF/PETITIONER: LORI DUNLAP, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., etc. | **CIVDS1809507** |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>PACTR-0115967.MM |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ Other *(specify documents):* CERTIFICATE OF ASSIGNMENT; NOTICE OF TRIAL SETTING CONFERENCE

3. a. Party served *(specify name of party as shown on documents served):*
   VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., A DELAWARE CORPORATION

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT CORPORATION SYSTEM, AGENT FOR SERVICE OF PROCESS, BY SERVING ALBERT DAMONTE, PROCESS SPECIALIST

4. Address where the party was served: 818 W SEVENTH ST SUITE 930, LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 05/23/2018 (2) at *(time):* 10:53 AM
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of

| PLAINTIFF/PETITIONER: LORI DUNLAP, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., etc. | CIVDS1809507 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:       (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt)*. (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify)*:

c. ☐ as occupant.

d. ☑ On behalf of *(specify)*: VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., a Delaware Corporation under the following Code of Civil Procedure section:

☑ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)

☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)

☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

☐ 416.50 (public entity)     ☐ 415.46 (occupant)

    ☐ other:

7. **Person who served papers**

a. Name: EDUARDO ORDORICA

b. Address: PO Box 861057, Los Angeles, California 90086

c. Telephone number: (213) 975-9850

d. **The fee** for service was: $ 63.00

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner ☐ employee ☑ independent contractor.

(ii) Registration No.:2015012487

(iii) County: LOS ANGELES

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 5/25/2018

EDUARDO ORDORICA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE )